UNITED STATES *v.* H. A. CAESAR & Co. (No. 4463)[1]

United States Court of Customs and Patent Appeals, February 7, 1945

*Paul P. Rao*, Assistant Attorney General (*Joseph E. Weil* and *Richard F. Weeks*, special attorneys, of counsel), for the United States.

*Barnes, Richardson. & Colburn* (*Eugene F. Blauvelt* of counsel) for appellee.

[Oral argument December 7, 1944, by Mr. Weeks and Mr. Blauvelt]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges

JACKSON, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, Second Division, sustaining appellee's claim, under paragraph 907 of the Tariff Act of 1930, that certain waterproof cloth was in chief value of cotton.

The merchandise was classified under paragraph 1205 of the said tariff act as woven fabrics in the piece, wholly or in chief value of silk, and assessed with duty thereunder at 60 per centum ad valorem.

The involved paragraphs read as follows:

PAR. 907. Tracing cloth, cotton window hollands, and all oilcloths (except silk oilcloths and oilcloths for floors), 30 per centum ad valorem; filled or coated cotton cloths not specially provided for, 35 per centum ad. valorem; waterproof cloth, wholly or in chief value of cotton or other vegetable fiber, whether or not in part of India rubber, 40 per centum ad valorem.

[1] C. A. D. 299.

PAR. 1205. Woven fabrics in the piece, wholly or in chief value of silk, not specially provided for, 55 per centum ad valorem; woven fabrics in the piece, not exceeding thirty inches in width, whether woven with fast or split edges, wholly or in chief value of silk, including umbrella silk or Gloria cloth, 60 per centum ad valorem; any of the foregoing, if Jacquard-figured, 65 per centum ad valorem.

The record consists only of two depositions taken in Switzerland and France respectively by appellee. The latter deposition was merely for the purpose of proving that the merchandise was waterproof. The former was intended to prove that the component material of chief value was cotton. The sole issue here is whether or not cotton is such component material.

There were no cross-interrogatories on behalf of the Government, although time had been requested and granted for filing them.

The record discloses that the affiant in Switzerland was personally familiar with the materials entering into the composition of the fabric, which were silk, cotton, and in some instances rayon (artificial silk). He testified that the silk and rayon were purchased in skeins and the cotton on cops. The silk and rayon, before they could be used in the weaving process, were "wound and warped." In answer to a question which called for a statement of the separate value of the component materials of the fabric when ready to be united "including cost of materials, fabrication, general expenses and every outlay of every description incurred in bringing the several materials into the condition in which they are ready to be united to form the completed article * * *," the witness stated that he could not answer the question without obtaining the necessary information in his business, and after having secured such information he tendered a statement showing in percentage terms the value of the component materials, average number of yarns and weight per square yard. At that time he stated "The value of the individual raw materials is computed on the respective purchase prices," which were Swiss francs 14 per kilo for silk, 3.70 per kilo for cotton, and 7 per kilo for artificial silk. He also said that the statement showed the relative values when the materials were ready to be united to form the completed article.

The contention of appellant is that the evidence does not establish that cotton is the component material of chief value; that of appellee is that the record establishes all of the elements necessary to prove his contention under the rule announced in *United States* v. *Mrs. S. Bacharach*, 18 C. C. P. A. (Customs) 353, T. D. 44612; *Turner & Co. et al.* v. *United States*, 12 Ct. Cust. Appls. 48, T. D. 39997; and *United States* v. *Rice-Stix Dry Goods Co.*, 19 C. C. P. A. (Customs) 232, T. D. 45337.

The rule in the cited cases is constant in that the proper method by which the component material of chief value is determined is in proving the cost of the separate parts of the article at the time they are ready to be combined to make the completed article.

144

In our opinion appellee did not sustain its burden of proof in that the record does not show the costs of the component parts to the manufacturer at the time they were ready to be combined to form the completed article. The only costs given are as heretofore set out and apparently those costs are for the raw materials and not for the value of the silk or rayon after they have been manipulated by winding and warping. There is nothing in the statement which accompanied the deposition to indicate anything except a ratio of costs of the various components from which it is impossible to calculate the basis thereof. Furthermore, the witness stated "The value of the individual raw materials of the finished fabric is stated in percent of the entire value of this list as always desired by the American customs authorities. The value of the individual raw materials is computed on the respective purchase prices."

The raw condition of the silk and rayon was their condition as purchased in skeins. They can scarcely be termed as "raw" after they have been wound and warped. They were not in condition to be combined with the cotton until they had been so manipulated. The cost of manipulating them is nowhere shown. Therefore, the cost of the separate parts or components at the time they were ready to be assembled has not been proved.

Appellee contends in its brief that the Government is precluded from questioning the "competency" of the testimony given in the pertinent deposition. As we understand it, the Government is taking the deposition for what it is worth and merely arguing here, as it argued below, that the record is insufficient to sustain appellee's burden.

It appears to us that the only cost with respect to silk and rayon shown in the record was the purchase price of the raw articles.

The judgment appealed from is *reversed*.